**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Neshen Mitchell, individually and as the next friend of her minor child Hakeem T.M., Appellants,

v.

Juan P. Marruffo d/b/a Liberty Express, Adrian Moralez, RET Partnership, William T. McQueeney, Carl E. Roberts, Karl R. Henderson, and Steven Parham, Defendants,

Of whom RET Partnership, William T. McQueeney, Carl E. Roberts, Karl R. Henderson, and Steven Parham, are the Respondents.

Appellate Case No. 2011-198047

———————

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-010
Heard December 13, 2012 – Filed January 9, 2013

———————

**AFFIRMED**

———————

Richard S. Rosen and Andrew D. Gowdown, both of Rosen, Rosen & Hagood, LLC, of Charleston, and J. Joseph Condon, Jr., of North Charleston, for Appellants.

Samuel R. Clawson, Timothy A. Domin, and Christina R. Fargnoli, all of Clawson & Staubes, LLC, of Charleston, for Respondents.

**PER CURIAM:**  This appeal arises out of Appellants Neshen Mitchell and Hakeem T.M.'s claim of negligence against Respondents RET Partnership, William T. McQueeney, Carl E. Roberts, Karl R. Henderson, and Steven Parham. The trial court granted Respondents' motion for summary judgment, finding Respondents owed no duty of care to Appellants.  On appeal, Appellants argue the trial court erred as a matter of law in finding Respondents owed Appellants no duty of care because: (1) Respondents created an artificial condition on the highway; (2) Respondents retained possession, control, and ownership of the property; and (3) the lease created a duty of care.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP (noting summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Bailey v. Segars*, 346 S.C. 359, 366, 550 S.E.2d 910, 913 (Ct. App. 2001) ("To establish a cause of action for negligence, a plaintiff must prove the following three elements:  (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of duty."); *Skinner v. S.C. Dep't of Transp.*, 383 S.C. 520, 524, 681 S.E.2d 871, 873 (2009) ("South Carolina common law only imposes a duty for highway conditions where an individual or business has undertaken an activity that creates an artificial condition on the highway which is dangerous to travelers.").  Here, Appellants make several arguments that Respondents engaged in activity that created an artificial and dangerous condition on the highway.  However, after careful consideration of their arguments and a thorough examination of the record, we find no evidence that Respondents did anything that gave rise to a duty.  Therefore, the trial court correctly granted summary judgment to Respondents.

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**